UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIHISI WILLIAMS, ) | |
|       Petitioner ) | |
| ) | CIVIL ACTION NO. 03-12554-RWZ |
| v. ) | |
| ) | |
| LINDA BARTEE, ) | |
|       Respondent ) | |

## PLAINTIFF THISI WILLIAMS MOTION FOR SUMMARY JUDGEMENT

Comes now the Plaintiff Tihisi Williams, by and through his undersigned counsel, and moves this Court to enter summary judgement for him on his complaint herein. Mr. Williams states that there are no contested issues of material fact outstanding, and judgement should enter for him as a matter of law, as more fully set forth in the Petitioner's Memorandum (hereinafter Pt's Memo) in support of his Petition for Writ of *Habeas Corpus*. That memorandum is incorporated herein by reference. Mr. Williams will rely on that memorandum for his argument in support of this Motion for Summary Judgement. Attached hereto is Mr. Williams' Statement of Uncontested Material Facts.

Mr. Williams avers that the Appeals Court for the Commonwealth of Massachusetts violated his rights to Due Process of law as guaranteed by the Fourteenth Amendment to the United States Constitution by affirming his conviction on a theory presented neither to the trial court nor to the jury. Thus, Mr. Williams was denied the right to have the jury determine his guilt or innocence pursuant to that theory and he was denied the right to defend against it. The Appeals Court's decision was contrary to clearly established federal law as determined by the Supreme Court in *Dunn v. United States*, 442 U.S. 100 (1979); and *see also, Cole v. Arkansas*, 333 U.S. 196, 202 (1948). (Pt's Memo at 5 -12). Those case were construed and applied by the Court of Appeals for the First

Circuit in *Cola v. Reardon*, 787 F.2d 681 (1st Cir. 1986). (Pt's Memo at 10-12). Further, Mr.
Williams argues that the Appeals Court's decision reflects an unreasonable determination
of the facts in light of the evidence presented at trial. (Pt's Memo at 12 - 16). The Appeals
Court's findings of fact made by it to support its new theory of law, were totally
unsupported by the record. (Pt's Memo at 12 - 16). A state appellate court's findings of
fact that are not fairly supported by the record are not accorded deference and federal
reviewing courts are not bound by them. *Parker v. Dugger*, 498 U.S. 308, 320 (1991);
*Sumner v. Mata*, 455 U.S. 591, 597 (1982).

Finally, Mr. Williams asserts that he was prejudiced by the above errors, since the
Appeals Court would have had to reverse his conviction on the one count involved in the
appeal and in this Petition, had it not committed error. (Pt's Memo at 16-20). The jury
returned a general verdict, thus there was no way to determine on which theory the jury
based its decision. There was insufficient evidence to support a guilty verdict on a theory
of battery, and the victim had, by his testimony to the contrary, undermined the
Commonwealth's argument that Mr. Williams' actions had placed him in fear for his life.
Since it was not possible to determine the basis for the verdict, Massachusetts' law
mandated a reversal. (Pt's Memo at 17).

Mr. Williams fully exhausted his state court remedies by presenting the issues in
this Petition to the Massachusetts Supreme Judicial Court in an Application for Further
Appellate Review from the Appeals Court's decision. (Ex. 2 to Pt's Memo; Tab B to Resp's.
Supp. Ans.). That court denied Petitioner's Application. (Ex. 3 to Pt's Memo; Tab C to
Resp's. Supp. Ans.). Mr. Williams directed the Supreme Judicial Court to the federal
constitutional provisions upon which he was relying, (Ex. 2 to Pt's Memo. at pgs. i, iii, and
1-3). Further, he cited the court to the controlling United States Supreme Court decisions,
*i.e. Dunn v. United States, supra;* and *Cole v. Arkansas, supra. Id.* at 1-3. The Respondent

2

has admitted that the claims the Petitioner is presenting in this Petition are the same as those presented to the Supreme Judicial Court. (Ans. ¶9; Supp. Ans. Tabs B and C).

The Court of Appeals for the First Circuit has identified at least four means for showing exhaustion, or fair presentation of claims to the state courts. *Scarpa v. Dubois,* 38 F.3d 1, 7 (1st Cir. 1994), *cert. den.* 513 U.S. 1129 (1998), citing *Gagne v. Fair,* 835 F.2d 6, 7 (1st Cir. 1987). They are:

> 1) citing a specific provision of the Constitution; 2) presenting the substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature; 3) reliance on federal constitutional precedents; and 4) claiming a particular right specifically guaranteed by the Constitution … .

*Id.* A review of Petitioner's Application for Further Appellate Review reveals that he met all four of those possible ways of presenting his federal claim to the Supreme Judicial Court. (Ex. 2 to Pt's Memo; Tab B to Resp's. Supp. Ans.).

## CONCLUSION

The Plaintiff moves this Court for the reasons stated above and in his previously submitted Memorandum in support of his Petition for a Writ of *Habeas Corpus,* and in the attached Statement of Uncontested Material Facts, to enter summary judgement for him on his complaint and to issue the Writ of *Habeas Corpus* as requested.

Respectfully submitted,
THE PLAINTIFF

May 9, 2004

By

Stewart T. Graham, Jr.
39 Burleigh Road
Hampden, MA 01036
(413) 781-4342
Fax (413) 566-0163
BBO#206510

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon David M. Lieber, AAG at Office of the Attorney General, One Ashburton Place, Boston, Massachusetts 02108 by mailing same, postage prepaid, first class mail.

May 9, 2004

Stewart T. Graham, Jr.