UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIHISI WILLIAMS, )<br>      Petitioner, )<br>v. )<br>LINDA BARTEE, )<br>      Respondent. ) | Civil Action No. 03-12554-RWZ |

**RESPONDENT'S MEMORANDUM IN OPPOSITION
TO PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

Respondent Linda Bartee hereby opposes Petitioner's Motion for Summary Judgment (Paper No. 7). The motion should be denied because Petitioner has failed to demonstrate that he is entitled to judgment as a matter of law.

**I. Response to Plaintiff's Statement of Uncontested Facts (Paper No. 8)**[1]

    1.    Respondent agrees that there is no dispute that Petitioner was convicted of two counts of assault with a dangerous weapon and acquitted of one count of murder.

---

[1] Habeas corpus is a "unique" proceeding, *Harris v. Nelson*, 394 U.S. 286, 294 (1969), where the Rules of Civil Procedure may be applied on a discretionary basis, and only where they are not inconsistent with the specific rules governing habeas corpus. Rule 11 of the Rules Regarding § 2254 Cases [hereinafter "Habeas Rule ___"]; F.R.C.P. 81(a)(2). The procedures specified by F.R.C.P. 56 and L.R. 56.1 are ill-suited to habeas corpus proceedings, which have specific rules governing what may be included in the record that are quite different from those used in typical civil cases. *See* Habeas Rules 5, 6, 7, 8. In particular, listing the "material facts of record of record as to which it is contended that there exists a genuine issue to be tried," L.R. 56.1, makes little sense in this context. While both parties agree that the only issues presented by the petition are legal, Petitioner nevertheless contends that the factual determinations of the Appeals Court were unreasonable. While Respondent disputes this characterization, she does not contend that this creates a "genuine issue to be tried," since it is respondent's view that these factual disputes have been conclusively resolved by the state courts. In short, the Court should dispense with the summary judgment procedures specified by F.R.C.P. 56 and L.R. 56.1, and simply decide the petition using the customary habeas corpus procedures.

2. Respondent agrees that there is no factual dispute that Petitioner was sentenced to consecutive three to five year prison sentences as a result of these convictions. The record, however, does not reflect which of these sentences Petitioner is currently serving.

3. Respondent agrees that there is no factual dispute that the issues presented to the Supreme Judicial Court are those presented in the Application for Further Appellate Review contained in the Supplemental Answer. Supp. App. at Tab B. Respondent further agrees that the ALOFAR was denied December 5, 2002. Whether the issues presented there are identical to those raised in the petition, however, and whether the legal basis presented was sufficient to indicate any federal basis for those claims, are questions of law rather than fact, and Respondent therefore does not agree that these are undisputed factual issues.

4. The statement in ¶ 4 of Petitioner's factual statement is a legal, rather than a factual assertion, and Respondent therefore disagrees that this statement is an uncontested statement of a material fact. Moreover, while Respondent agrees with the statement in the narrow sense that the relevant facts are conclusively established by the Appeals Court opinion, Supp. App. at Tab H, the factual basis for that decision includes the full state court record as set forth in the exhibits to Petitioner's Memorandum of Law, Respondent's Supplemental Answer, and the transcripts listed in Respondent's Answer at ¶ 19.

## II. Petitioner is Not Entitled to Judgment as a Matter of Law.

The petition rests on two grounds. Ground 1 argues that the Appeals Court's decision that there was sufficient evidence to convict Petitioner of assault with a dangerous weapon on either a threatened battery theory or an attempted battery theory was contrary to *Dunn v. United States*, 442 U.S. 100 (1979). Ground 2 claims that the Appeals Court decision holding that there was sufficient

evidence to support the verdict on an attempted battery theory was based upon an unreasonable determination of the facts, in light of the evidence presented in the state court.

As will be fully set forth in Respondent's memorandum of law in opposition to the petition,[2] both claims fail.  The Appeals Court decision was not "contrary to" *Dunn*, as that phrase has been interpreted by the Supreme Court, and there was evidence in the state court record to support each of the Appeals Court's findings.   To obtain relief under the "contrary to" clause, Petitioner must show that "the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or [that] the state court decide[d] a case differently from [the Supreme] Court on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Petitioner does not claim that the Appeals Court explicitly decided any question of law in a way that was opposite to the rule the Court announced in *Dunn*.  While *Dunn* announced the principle that an appellate court may not excuse a legally insufficient conviction by pointing to  conduct outside the indictment that would have supported the verdict if charged, the Appeals Court found that here there were two independent, sufficient bases for affirming the verdict.  Nor is this case factually indistinguishable from *Dunn*, since this was not a case where an appellate court used uncharged conduct as a basis for affirming a verdict that it found otherwise legally invalid.

Nor did the Appeals Court unreasonably determine the facts in light of the state court record. The decision was fully supportable based only upon the court's determination that there was sufficient evidence to support a conviction on a threatened battery theory, a factual determination that Petitioner does not challenge in this proceeding.  In deciding whether the evidence supported

---

[2]Respondent intends to file her Memorandum of Law in Opposition to the Petition no later than June 1, 2004.

a guilty finding on an attempted battery theory, the decisive facts were that Petitioner was instructed to shoot the victims by his associate, that he cocked the gun and pointed it at them, and that he left the scene after another of his associates came and urged the group to flee. Petitioner does not dispute these facts, instead limiting his disagreement with the Appeals Court to the question of whether Petitioner knew that there had been a stabbing at the time he fled the confrontation. Even if Petitioner was correct that the Appeals Court lacked a factual basis for the conclusion that Petitioner did not know of the stabbing, Petitioner's knowledge was not the decisive fact for the Appeals Court, but rather that "a group member urged immediate escape," an interpretation of the facts that Petitioner concedes has support in the record.

Finally, even if Petitioner had shown that the Appeals Court's conclusion regarding the attempted battery theory was either contrary to *Dunn* or factually unreasonable, Petitioner would still not be entitled to judgment as a matter of law, since he does not dispute the Appeals Court's conclusion that he was properly convicted of assault on a threatened battery theory. For federal law purposes, sufficient evidence as to one theory of liability is sufficient to support a general verdict, even if there is insufficient evidence as to an alternate theory. *Griffin v. United States*, 502 U.S. 46 (1991). Petitioner's detention is not, therefore, in violation of federal law, which is a prerequisite to habeas corpus relief. 28 U.S.C. § 2254(a).

## Conclusion

For these reasons, Petitioner has failed to show that he is entitled to relief as a matter of law, and his Motion for Summary Judgment (Paper No. 7) should be denied.

          Respectfully submitted,

          THOMAS F. REILLY
          ATTORNEY GENERAL

          /s/ David M. Lieber
          David M. Lieber (BBO# 653841)
          Assistant Attorney General
          One Ashburton Place
          Boston, Massachusetts 02108
          (617) 727-2200 ext.2827

          ATTORNEYS FOR RESPONDENT

Dated: May 24, 2004