UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -4  P 12: 47

U.S. DISTRICT COURT
DISTRICT OF MASS

TIHISI WILLIAMS, )
       Petitioner )
)   CIVIL ACTION NO. 03-12554-RWZ
v. )
)
LINDA BARTEE, )
       Respondent )

### PETITIONER THISI WILLIAMS REPLY TO RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR SUMMARY JUDGEMENT

Comes now the Petitioner Thisi Williams, by and through his undersigned counsel, and files his Reply to the Respondent's Opposition to his Motion for Summary Judgement. Mr. Williams incorporates by reference the facts and the law set forth in his Memorandum submitted with his Petition for Writ of *Habeas Corpus.*

### POINT I

### SUMMARY JUDGEMENT IS AN APPROPRIATE PROCEDURE TO USE IN A HABEAS PROCEEDING WHERE ONLY ISSUES OF LAW ARE PRESENTED

Initially, the Respondent contends that summary judgement pursuant to FED. R. CIV. PRO. 56, is inappropriate. He does this without any citation to authority. (Resp's. Opp. at 1, nt 1) However, the law is well established that a Rule 56 proceeding is appropriate in a *habeas* proceeding where there are no issues of fact outstanding. *Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977). The Fifth Circuit summarized the law as follows:

> ... we reject ... [the] claim ... that a summary judgment motion is inappropriate in a *habeas corpus* proceeding. We recognize summary judgment proceedings as an appropriate mode used by the district courts of

> this Circuit in *habeas corpus* proceedings. Rule 11 of the Rules Governing § 2254 Cases in the United States provides that "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." Randle fails to point out any rule or procedure in the § 2254 rules which is inconsistent with the summary judgment procedure allowed by the Federal Rules of Civil Procedure.

*Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995); *see, Hill v. Linahan*, 697 F.2d 1032 (11th Cir. 1983); *Johnson v. Rogers*, 917 F. 2d 1283, 1284-1285 (10th Cir. 1990).

The Respondent also does not understand why, if Mr. Williams contends that the case is appropriate for summary judgement as no disputed issues of fact are outstanding, he maintains that the appeals court's factual determinations were unreasonable. (Resp's. Opp. at 1, nt. 1). The reason is that the historical facts developed at trial are a matter of record, and thus not in dispute. Whether the facts "found" by the appeals court are unreasonable per §2254 (d) (2) as having no support in the record is a legal question for the Court based on its independent review of the record. *See, Cola v. Reardon*, 787 F.2d 681, 698-700 (1st Cir. 1986).

## POINT II

**SINCE THE APPEALS COURT AFFIRMED THE TRIAL COURT ON A THEORY OF LAW NEVER PRESENTED TO THE LOWER COURT OR THE JURY, THE APPEALS COURT'S DECISION WAS CONTRARY TO CONTROLLING SUPREME COURT PRECEDENT**

The Respondent's Opposition to Mr. William's motion for summary judgement misses the point of the argument. The Respondent seeks to defend the state decision and render *Dunn v. United States*, 422 U.S. 100 (1979) inapplicable, by asserting that the state court "... found that here there were two independent, sufficient bases for affirming the

2

verdict." (Resp's. Opp. at 3)   Mr. Williams is arguing that the state appeals court could not, consistent with Due Process of law and controlling Supreme Court precedent, *Dunn v. United States, supra*, and *Cole v. Arkansas*, 333 U.S. 196 (1948), make such a finding. One of the two asserted grounds for affirming the conviction, *viz.* an attempted battery by means of an interrupted crime, was not a theory upon which Mr. Williams was charged, nor upon which the jury was instructed.  The principle established by the Supreme Court in *Dunn* and *Cole*, requires congruence between the theory upon which a defendant was charged and tried, and the theory upon which his conviction is affirmed.  It is that principle that was violated in this case.

The Respondent attempts to limit *Dunn* to its facts.  (Resp's Opp. at 3).  However, it is not a fact-bound decision, has not been so limited.  Although §2254 requires reference to Supreme Court precedents for the basic principle involved, consideration of lower federal court decisions applying those precedents is proper.  *Rashad v. Walsh*, 300 F.3d 928 (1st Cir. 2002, *cert. denied* 123 S. Ct. 1360 (2003); *Phoenix v. Matesanz*, 233 F.3d 73, 83 nt. 3 (1st Cir. 2000)   Lower court decisions provide guidance for the proper application of the Supreme Court rule, particularly when the rule is broad and can apply to multiple fact patterns.  *Id.*  Thus, consideration of the First Circuit's decision in *Cola v. Reardon*, 787 F.2d 681 (1st Cir. 1986), and *United States v. Gomes*, 969 F.2d 1290 (1st Cir. 1992), is apt.  (See, Pt's. Memo. at 10-11)   In both the latter cases, the court applied the principle established in *Dunn* broadly, to different fact patterns with the same result.  Following the Supreme Court's holding in *Dunn*, that "... appellate courts are not free to revise the basis on which a defendant is convicted, *id.*, at 107, the First Circuit treated as settled law that an appellate court cannot sustain a conviction on a theory entirely different from the theory upon which the jury was charged.  *United States v. Gomes, supra.*; *Cola v. Reardon*,

*supra* at 693.

Further refuting the Respondent's argument, the court in *Cola v. Reardon, supra*, held that *Dunn* requirement that the theory upon which a conviction is affirmed must have been contained in the indictment and presented to the jury to be conjunctive. *Id.* at 698-700. That is, whether the theory was contained in an indictment, is not sufficient. It must also have been the theory upon which the government tried the case to the jury. *Id.* Thus, in the instant case, the fact that the theory of attempted battery per an interrupted crime may be said to be contained within the indictment as an abstract matter, as a possible theory for conviction, in insufficient. It must also have been a theory upon which the Commonwealth tried the case to the jury. Since it was not, and the record is unambiguous that it was not, affirming Mr. Williams' conviction on that theory violated due process of law as established by the Supreme Court in *Dunn v. United States, supra*.

Thus, the state appeals court's affirmance of Mr. Williams' conviction on a theory of attempted battery per an interrupted crime directly violated the principle established in *Dunn* and *Cole*.

### POINT III

**SINCE THE APPEALS COURT'S DECISION AFFIRMING THE CONVICTION ON THE THEORY OF AN ATTEMPTED BATTERY WAS AN UNREASONABLE DETERMINATION OF THE FACTS, *HABEAS* RELIEF IS WARRANTED**

Mr. Williams also argued that the appeals court's factual findings in support of its new theory of an attempted battery were unreasonable. (Pt's. Memo. at 12-16) The Respondent's opposition to this argument is puzzling. (Resp.'s Opp. at 4) The Respondent states that the "decisive facts" supporting the attempted battery theory were

that Mr. Williams was instructed to shoot the victim, he cocked the gun, and then he left the scene after one of his associates urged the group to flee. *Id.* The Respondent asserts that "Petitioner does not dispute these fact ... ." *Id.* How that assertion can be made, is puzzling. Those are precisely the facts which Mr. Williams does dispute, clearly and precisely. (Pt's Memo. at 13-15) The Respondent is correct, however, in his assertion that Mr. Williams also disputes the fact that the associate also told him he had stabbed someone, as the appeals court claimed. *Id.* at 13. In this regard, the Respondent does not understand the significance of the Petitioner's knowledge of the stabbing or his lack thereof. (See, Resp's Opp. at 4) The appeals court made such knowledge significant when it assigned that knowledge, in response to the alleged statement of an associate, as the reason why the battery on the victims was interrupted. (Pt's Memo. at 13-15 and Ex. 1 at 4). It was the associate's alleged statement that the appeals court deemed "decisive," since the court did not claim that "a group member urged immediate escape" as the Respondent alleges. (Resp's Opp. at 4). Again, the Respondent's statement that Mr. Williams "concedes" such an interpretation "has support in the record" is simply baseless. *Id.* No such concession was ever made; especially since no such interpretation was articulated by the appeals court. (Pt's Memo. at 12-16 and Ex. 1 at 4).

Mr. Williams did and does contest all of the factual assertions made by the appeals court in support of its attempted battery theory per an interrupted crime. As stated in his memorandum, since the record does not lend any support for such findings, they are not accorded any deference and can be disregarded by a federal *habeas* court. *Parker v. Dugger*, 498 U.S. 308, 320 (1991); *Sumner v. Mata*, 455 U.S. 591, 593 (1982). Since there is no record support for the appeals court's findings, those findings are unreasonable factual findings based on the record. The appeals court's reliance on erroneous factual findings

5

renders its decision unreasonable for *habeas* purposes. *Wiggins v. Smith, supra* at 2539. Absent any facts to support the appeals court's decision, it is unreasonable, and *habeas* relief is required.

### POINT IV

### PETITIONER WAS PREJUDICED BY THE APPEALS COURT'S ACTIONS SINCE STATE LAW REQUIRED REVERSAL OF A GENERAL VERDICT WHERE ONE POSSIBLE BASIS OF CONVICTION WAS LEGALLY INADEQUATE

Finally, the Respondent argues that since Mr. Williams agrees that he was properly convicted on one theory, *i.e.* a threatened battery, there was no federal violation. This follows, the Respondent asserts, since according to federal law, reversal is not required when a general verdict is returned where one theory is insufficient and the other is sufficient. *Griffin v. United States*, 502 U.S. 46 (1991). Mr. Williams would argue that the Respondent confuses the constitutional right violated with the prejudice resulting from that violation. The right violated here was Mr. Williams' due process right that precludes his conviction from being affirmed on a basis different from that upon which he was tried. *Dunn v. United States, supra*. Once having established a violation of a constitutional right, a *habeas* petitioner must show prejudice, *i.e.*, that had the right not been violated, the result of the state proceeding would have been different. *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2542 (2003)

The burden of proof is on the Respondent to prove that this error was not harmless. *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995); *see, Valerio v. Crawford*, 306 F.3d 742, 762 (9th Cir. 2002) *(en banc), cert. denied* 123 S.Ct. 1788 (2003); *Moore v. Ponte*, 186

F.3d 26, 34 (1st Cir. 1999); *cert. denied*, 528 U.S. 1053 (1999). It is clear that but for the constitutional error committed by the state appeals court, the result of the appeal, and thus the trial, would have been different. Pursuant to Massachusetts law, the appeals court would have had to reverse and remand for a new trial in the circumstances of this case. Massachusetts has rejected the *Griffin v. United States, supra*, result and holds that if one of the bases for a conviction is insufficient and a general verdict is returned, the case must be re-tried. *Commonwealth v. Berry*, 431 Mass. 326, 333 (2000). There is no doubt, then, that the result of the state proceeding would have been different had the constitutional error not been committed.

Mr. Williams also argued in his memorandum that the error in this case was a structural error requiring reversal without consideration of prejudice. Pursuant to that characterization, the issue of state versus federal law, *Commonwealth v. Berry, supra*, versus *Griffin v. United States, supra*, does not arise. The Respondent took no position on this point. Therefore, it is left to the original memorandum.

## CONCLUSION

Mr. Williams moves this Court, for the reasons stated above, to allow his motion for summary judgement, issue the Writ as requested.

Respectfully submitted,

May 30, 2004

Stewart T. Graham, Jr.
39 Burleigh Road
Hampden, MA 01036
(413) 781-4342
Fax (413) 566-0163
BBO#206510

Attorney for Petitioner

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon all parties, or their attorney of record, if represented, by mailing, postage prepaid, first class mail to David M. Lieber, AAG, One Ashburton Place, Boston, Massachusetts, 02108.

May 30, 2004

                                                                                    Stewart T. Graham, Jr.