UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12554-RWZ

TIHISI WILLIAMS

v.

LINDA BARTEE

MEMORANDUM OF DECISION AND ORDER

July 29, 2004

ZOBEL, D.J.

On October 5, 1997, during a confrontation between two groups of men at the Archdale Housing Project in the Roslindale neighborhood of Boston, petitioner Tihisi Williams pointed a gun at Dion Hughes and Shawn Jones and threatened to kill them if they moved. When one of their friends, 17-year-old Marco Charles, ran away, petitioner's associate Sammy Rodriguez chased him down and stabbed him to death. Petitioner was charged with the first-degree murder of Charles and with two counts of assault by means of a dangerous weapon, upon Hughes and Jones, respectively. On May 1, 2000, petitioner was convicted of the assault charges and acquitted of murder.[1]

The trial court instructed the jury on two theories of assault: (1) causing reasonable apprehension of imminent harm and (2) attempted battery. The jury was given a general verdict form. Petitioner appealed only from the conviction on the assault count relating to Hughes, arguing that there was insufficient evidence to convict and that the general verdict

---

[1] In a separate trial, Rodriguez was found guilty of second-degree murder, but the conviction was recently reversed. Commonwealth v. Rodriguez, 792 N.E.2d 131 (Mass. App. Ct. 2003).

form made it impossible to determine which theory of the crime formed the basis for the conviction. The appeals court affirmed, holding that the evidence was sufficient under either theory. The Supreme Judicial Court denied further appellate review.

Petitioner now seeks the writ of habeas corpus on the grounds that the appeals court violated petitioner's due process rights first by affirming his conviction on a theory that was not before the jury, and second, "by affirming a conviction on facts not found, and in part rejected by the jury, and which were totally unsupported by the record." Specifically, petitioner does not challenge the sufficiency of the evidence as to the reasonable apprehension of imminent harm. Rather, he contends that such evidence was weak because Hughes testified that he was not afraid[2] and that the jury could therefore have reached its verdict on the attempted battery theory. The appeals court ruled that there was sufficient evidence of an attempted battery by characterizing the events as an interrupted crime: that petitioner was going to shoot Hughes but instead ran away soon after the stabbing occurred. Citing Dunn v. United States, 442 U.S. 100 (1979), petitioner argues that an "interrupted crime" theory was not before the jury and that the appeals court could not affirm on a basis that he had no opportunity to confront.

It is unnecessary to resolve whether there was sufficient evidence to convict on an attempted battery theory or whether the appeals court ran afoul of Dunn. "[I]f the evidence is insufficient to support an alternative legal theory of liability, it would generally be preferable for the court to give an instruction removing that theory from the jury's

---

[2] Although Hughes stated on cross-examination that he was "sort of" afraid of petitioner during the October 5 confrontation, he quickly acknowledged that he knew petitioner, was not afraid of him, and did not think petitioner would hurt him.

2

consideration. The refusal to do so, however, does not provide an independent basis for reversing an otherwise valid conviction." Griffin v. United States, 502 U.S. 46, 60 (1991). In the present case, the appeals court was correct in holding that the jury had sufficient evidence to convict on a "reasonable apprehension" theory, regardless of the victim's testimony. Petitioner pointed a cocked handgun at Hughes and threatened to "blast" him if he moved. Despite his statement that he did not think petitioner would have shot him, Hughes heeded petitioner's threat and stayed still. Hughes's actions, as opposed to his words, allowed the jury to find a reasonable fear of imminent harm. As to the attempted battery theory, the Supreme Court has never "set aside a general verdict because one of the possible bases of conviction was . . . merely unsupported by sufficient evidence." Id. at 56.

    Accordingly, the Petition for Writ of Habeas Corpus is denied.

_____       /s/ Rya W. Zobel
   DATE                               RYA W. ZOBEL
                                        UNITED STATES DISTRICT JUDGE